UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60115-Civ-LENARD
MAGISTRATE JUDGE P.A. WHITE

CEDRIC CLARKE,                         :

    Petitioner,                        :

v.                                     :     REPORT OF
                                             MAGISTRATE JUDGE
WALTER A. McNEIL,[1]                   :     ON MOTION FOR VOLUNTARY
                                                  DISMISSAL
    Respondent.                        :
_____

The petitioner has filed this pro se habeas corpus proceeding pursuant to 28 U.S.C. §2254, attacking his conviction entered in Broward County, Florida. The case is before the Court on the petitioner's pleading submitted to this Court on April 9, 2009, entitled, "Motion Concurring Premature Petition for Writ of Habeas Corpus," hereby construed as a motion for voluntary dismissal. (DE#13).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The procedural history of this case, as gleaned from the petition, and the state's response to this court's order to show

---

[1] Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

cause with multiple exhibits, is as follows. The petitioner was charged with and pled guilty to purchasing cocaine. On February 1, 2008, he was sentenced to 48.3 months in prison. (DE#10:Ex.A). After proceedings not relevant here, the petitioner filed his first Rule 3.850 motion for postconviction relief, which was denied by the trial court on August 7, 2008. (DE#10:Ex.C-D). The petitioner filed an appeal therefrom, case no. 4D08-3981, which according to the appellate court's on-line docket, remains pending. During the pendency of that petition, the petitioner came to this court filing this habeas petition on January 12, 2009. (DE#1).

The current record before this Court appears to indicate that this petition was filed in a timely manner pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §2244(d)(1)-(2). The petitioner should, therefore, be allowed an opportunity to dismiss the instant federal petition so that he may return to the state courts in order to fully and properly raise all claims there before pursuing relief in this federal court. See 28 U.S.C. §2254(b),(c). While dismissal is proper, the petitioner is hereby cautioned that he must act with diligence in refiling his federal habeas corpus petition after any and all state court proceedings have concluded so that any future federal petition will be timely under the federal statute of limitations.[2]

---

[2]This Court advises the Petitioner that the amendments to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  28 U.S.C. §2244(d). Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)).See also Nyland v. Moore, 216 F.3d 1264 (11 Cir.

It is therefore recommended that the petitioner's pleading entitled (DE#13), hereby construed as a motion for voluntary dismissal be granted and that this petition be dismissed, without prejudice except as to any application of the federal statute of limitations or other federal procedural bar which may apply.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 24th day of April, 2009.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE

cc: Cedric Clarke, Pro Se
    DC# 093441
    Moore Haven Correctional Institution
    P. O. Box 718501
    1900 East State Road 78 NW
    Moore Haven, FL 33471

    Georgina Jimenez-Orosa, Ass't Atty Gen'l
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428

---

2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).